STATE OF MISSISSIPPI, EX REL. STIRLING, ATTORNEY-GENERAL,
v. DAVID E. WILSON ET AL.

[51 South. 715.]

COUNTIES. *Highways. Working of. Members of board of supervisors. Compensation. Code* 1906, §§ 363, 2195, 4467.

Where the board of supervisors divided the highways of the county into links, let the working of them to the lowest bidder, no link being let for a sum in excess of two hundred dollars, no road commissioner employed, and the county convicts were not worked on the roads:—

(a) Code 1906, § 363, prohibiting payment for public work, exceeding two hundred dollars, without inspection of the work by at least two members of the board of supervisors and its acceptance, has no application; and

(b) The members of the board are not entitled to the additional compensation authorized by Code 1906, § 2195, to be paid members of the board for inspecting the public roads as required by law; since

(c) The only inspection required of the supervisors was the general supervision, for which compensation is provided by Code 1906, § 4467

FROM the chancery court of De Soto county.

HON. ISAAC T. BLOUNT, Chancellor.

The state, ex rel. etc., appellant, was complainant in the court below; Wilson and others, appellees, were defendants there. From a decree in defendants' favor complainant appealed to the supreme court.

The defendants were the county treasurer and the members of the board of supervisors.

De Soto county worked its roads by contract under the provisions of chapter 123 of the Code of 1906. The board of supervisors divided the roads into links, and the various links of road were awarded to the lowest bidder. The contract price for no

one link of road exceeded the sum of $200. No road commissioner was employed by the county, nor were the county convicts worked on the roads. The several members of the board of supervisors inspected the roads in their respective districts and presented their accounts for allowance, which were by the board of supervisors allowed and warrants issued. Whereupon this suit was begun to enjoin the payment of the warrants. A preliminary injunction was issued, but the same on the trial of the case was dissolved, and the suit dismissed.

Code 1906, § 2195, under which appellees claim compensation, provides that "each member of the board of supervisors shall, in addition to the compensation prescribed in the preceding section, be entitled to receive three dollars per day for the number of days actually served by him in inspecting the public roads, as required by law, and each member shall further be entitled to receive three dollars a day for each day occupied as members of a committee to view and lay out public roads, and to inspect and accept bridges built and other work done for the county by contracts."

Appellees, members of the board of supervisors, claim that they are entitled to the compensation above provided for by virtue of Code 1906, § 363, which provides that "the board of supervisors shall never make a payment to any contractor for building or repairing a bridge, or doing any work on a public road, or for any public building or other public work, where the contract price exceeds two hundred dollars, and is less than five thousand dollars, without first having the same inspected and accepted by at least two members of the board of other districts than the one in which the work is done, appointed by the board a committee for that purpose."

Appellant contended that, since each link of the road was let as a separate contract, the only compensation to which the members of the board were entitled for inspecting the roads worked under the contract in question is that provided by Code 1906, § 4467, which is as follows:

"The supervisor of each district in each county is to have and is required to exercise general supervision over the public highways of his district, for which service he is to have a salary of twenty dollars per annum, if a road commissioner is employed during the year; if no road commissioner is employed during the year, he shall receive for said extra service a total sum of fifty dollars per annum."

*George Butler,* assistant attorney-general, for appellee.

*R. L. Dabney,* for appellees.

[The reporter has been unable to find the briefs of counsel in this case, hence no synopses of them are given.]

Argued orally by *George Butler,* assistant attorney-general, for appellant, and by *R. L. Dabney,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The contract price in this case was less than $200, and consequently, under Code 1906, § 363, no inspection was required by law. The compensation provided by Code 1906, § 2195, only applies where the inspection is "required by law." The only supervision necessary, on the facts of this case, was that general supervision which, and the compensation for which, are provided for in Code 1906, § 4467, to wit, $50 per annum. In this case no road commissioner was employed by the county, and the county convicts were not worked on the roads, and the members of the board did draw their pay of $50 per annum, under Code 1906, § 4467. The county of De Soto elected to work its public roads under the provisions of the last eleven sections of chapter 123 of the Code of 1906. Section 4447, dealing with the overseer system, provides that the roads must be inspected twice each year by members of the board; sections 4400 and

4402 provide for a committee to view, lay out, and to assess damages; and section 363 provides for an inspection, by a committee, of work done under contracts for bridges, roads, public buildings, and other contract work. It will be seen, therefore, from these provisions, that in each case, where provision for payment is provided for in section 2195, an inspection is somewhere specifically enjoined by express provision of some statute.

We are therefore of the opinion that, as the work in this case cost less than $200, this very section 363 must be understood as directing that no inspection is to be made of a special kind, nor is any extra pay to be made for any case where the amount of work is less than $200; but the only compensation in such case is that provided in section 4467, which compensation the appellees have received. The legislature manifestly intended, taking all these sections into view as one whole, that the members of the boards of supervisors should not receive any other compensation than that provided in said section 4467 for their duty of general supervision of those small cases where the work performed is for less than $200; the sum of $50 per annum to each supervisor being deemed sufficient to embrace that very slight degree of inspection necessary in so small a case.

The action of the learned court below, in holding that the accounts of the appellees were legal claims under the facts of this case, was therefore erroneous. Wherefore the decree is reversed, and the injunction reinstated and made perpetual.

*Reversed.*